UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

FLORIDA ORGANIC AQUACULTURE, LLC.
EIN# 27-5555911,
      Debtor.    /

Case No. 17-15012-EPK
Chapter 11

**EMERGENCY MOTION FOR ORDER AUTHORIZING
POST-PETITION FINANCING AND APPROVING FINANCING PER 11 U.S.C. § 364(b)**

**Expedited Hearing Requested**

**Exigency**

**Debtor requests an emergency hearing as Debtor must obtain post-petition financing immediately in order to pay regular operating expenses and continue operating. (Debtor's counsel requests an interim hearing of ten minutes in duration by Wednesday May 3, 2017.)**

**COMES NOW, DEBTOR**, FLORIDA ORGANIC AQUACULTURE, LLC by and through the undersigned Counsel, and moves the Court for entry of an order authorizing the Debtor to obtain post-petition financing from Mirzam Venture Capital, LLC. (the "Lender"), and as grounds therefor states:

1. The Debtor filed for chapter 11 bankruptcy relief on April 24, 2017.

2. FLORIDA ORGANIC AQUACULTURE, LLC is in the business of raising the highest quality shrimp using energy efficient, sustainable aquaculture techniques. The Debtor sells its locally grown shrimp in its marketplace and to local retailers.

3. The Debtor is in the early stages of production, having recently completed construction of the second of two large barns that house state of the art facilities for raising the shrimp.

4. From the outset, the Debtor's business model has been based on the EB5 investor

program, which along with a $5M bank loan, formed the backbone of the start-up capital needed to build the facility and fund preliminary operations. In recent years, foreign interest in the EB5 program has waned, such that investor funding dipped dramatically in 2016 and has been non-existent in 2017.

5. While the Debtor is actively seeking investors through the EB5 program and other sources, as well as financing from other sources, it is in need of a short term infusion of capital to meet operating expenses and overhead to maintain operations while seeking out a long-term solution.

6. Based on detailed financial projections, the Debtor anticipates that with an additional cash infusion of approximately $1.5M, the facility would be highly profitable within 9 months, as a fully functioning facility would produce enough shrimp to cover all production costs, debt service, and fixed expenses with profits left over. On a small scale, the harvest from each bed produces enough revenue to fund the production costs for a replacement bed with approximately $10,000 to $18,000 in profits, but it is not enough to cover the seeding of overhead and more than one replacement bed. There are currently four seeded beds, with the capacity to increase production eight times over. With a cash infusion, the facility can be brought up to full production and become a profitable enterprise. The Debtor is seeking relief in chapter 11 to allow it breathing room in which to obtain the necessary cash infusion to see the operation reach its maximum potential.

7. Prior to the filing of the bankruptcy case, Mirzam Venture Capital LLC, who owns 51% of the membership interests of the Debtor, has funded some of the Debtor's operating expenses through loans to the company. As of the petition date, the pre-petition loans advanced to the Debtor by Mirzam Venture Capital LLC was approximately $4.5M.

8. The Lender is willing to extend additional short-term funding to the Debtor in the form of an open line of credit, at 3.5% interest, on an unsecured basis until long-term funding can

be secured, provided that the funds advanced are allowed an administrative expense claim under 11 U.S.C. § 362. They will submit an application for an administrative expense for any funds advanced from the date of approval of this motion through the date that through the date of the confirmation hearing, with an agreement that the administrative expense will be paid only in the event of confirmation of the Debtor's Plan.

9. The Lender is not seeking any cross-collateralization or other security for the short term DIP financing.

10. Obtaining post-petition financing is crucial to the Debtor's survival, as the Debtor must pay for rent, insurance, payroll, and other expenses listed on the attached Budget.

11. The Debtor has determined that it is in the best interest of the Estate to enter into the proposed finance agreement and seeks this Court's authority, pursuant to section 364(b) of the Bankruptcy Code to obtain post-petition financing.

12. The Debtor has received a lending commitment from the Lender to provide a post-petition revolving line of credit to the Debtor subject to the following terms:

   a. Revolving line of credit in an amount set forth on the attached budget to be used for the sole purpose of funding the Debtor's ongoing operations;
   b. Bearing interest at 3.5%;
   c. Repayment shall occur upon confirmation of the Debtor's Plan, after approval of the administrative expense claim;

13. The Debtor's projected cash flow for six months is attached hereto as Exhibit "A."

14. A proposed interim order is attached hereto as Exhibit "B."

**WHEREFORE**, Debtor respectfully requests an Order from this Court authorizing the Debtor to obtain super-priority post-petition financing pursuant to 11 U.S.C. § 364(c)(2), subject to the terms set forth above and granting such other and further relief as the Court deems just and proper.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local rule 2090-1(A).

Dated: April 27, 2017

                                            MARKARIAN FRANK & HAYES
                                            Attorneys for Debtor
                                            2925 PGA Blvd., Suite #204
                                            Palm Beach Gardens, FL   33410
                                            (561) 626-4700

                                            By: */s/ Malinda L. Hayes, Esq*
                                                   MALINDA L. HAYES, ESQ.
                                                   Florida Bar No. 0073503

**Notice provided by electronic mail to:**
Malinda L Hayes, Esq. on behalf of Debtor Florida Organic Aquaculture, LLC
malinda@businessmindedlawfirm.com, mlhbnk@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Darren Farfante, Esq. on behalf of First Home Back
Darren.Farfante@bipc.com

ATTORNEY MALINDA L. HAYES SHALL MAIL A COPY OF THIS MOTION IMMEDIATELY UPON RECEIPT OF THE NOTICE OF EMERGENCY HEARING TO ALL CREDITORS AND FILE A CERTIFICATE OF SERVICE.  ALL NON-ELECTRONICALLY NOTICED CREDITORS WILL BE PROVIDED REGULAR MAIL NOTICE OF THIS MATTER AND THE HEARING THEREON.  BASED ON THE POSSIBILITY THAT THEY WILL NOT RECEIVE SUCH NOTICE IN ADVANCE OF THE HEARING, DEBTOR WILL REQUEST AN ORDER WITH APPROPRIATE LANGUAGE PROVIDING AN ADDITIONAL PERIOD TO OBJECT.

X:\WPDOCS\Client Matters\Florida Organic Aquaculture (Cliff Morris)\Chapter 11\Pleadings\MOTION.Emergency.Approve Post-Petition Financing.Docx