UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

FLORIDA ORGANIC AQUACULTURE, LLC,   Case No.: 17-15012-EPK

SUSTAINABLE AQUACULTURE
INITIATIVE, LLC,   Case No.: 17-21251-EPK
CHAPTER 11
Jointly Administered

Debtors.
_____/

**CREDITOR, FELLSMERE JOINT VENTURE LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO FLORIDA ORGANIC AQUACULTURE, LLC AND SUSTAINABLE AQUACULTURE INITIATIVE, LLC**

Creditor, Fellsmere Joint Venture LLC, by and through the undersigned counsel, hereby requests that Florida Organic Aquaculture, LLC and Sustainable Aquaculture Initiative, LLC produce the described documents by providing a copy on a CD or thumb drive within seven (7) days of Defendant's receipt of this request, pursuant to Rule 34, Federal Rules of Civil Procedure, at the offices of Dean, Mead Minton & Zwemer, 1903 S. 25th Street, Suite 200, Fort Pierce, FL 34947, or in such manner and at such other location as is mutually agreed upon by the parties.

**Definitions and Instructions**

The following definitions and instructions shall apply to this request for documents to be produced:

      A.    As used herein, the term "Debtors" shall mean and refer jointly to Florida Organic Aquaculture, LLC and Sustainable Aquaculture, LLC and their agents, representatives, and any other person or entity acting or purporting to act on behalf of Florida Organic Aquaculture, LLC and Sustainable Aquaculture Initiative, LLC.

      B.    As used herein, the term "SAI" shall mean and refer to Sustainable Aquaculture Initiative, LLC, its agents, representatives, and any other person or entity acting or purporting to act on behalf of Sustainable Aquaculture Initiative, LLC.

        C.     As used herein, the term "FOA" shall mean and refer to Florida Organic Aquaculture, LLC, its agents, representatives, and any other person or entity acting or purporting to act on behalf of Florida Organic Aquaculture, LLC.

        D.     As used herein, the terms "You", and "Your" shall mean and refer jointly to Florida Organic Aquaculture, LLC and Sustainable Aquaculture Initiative, LLC, their agents, representatives, and any other person or entity acting or purporting to act on behalf of Florida Organic Aquaculture, LLC and Sustainable Aquaculture Initiative, LLC.

        D.     As used herein, the term "Packinghouse Lease" shall mean and refer to the Agricultural Packinghouse Lease dated November 27, 2012, between Fellsmere Joint Venture LLC and Florida Organic Aquaculture LLC, which was assigned by Florida Organic Aquaculture LLC to Sustainable Aquaculture Initiative, LLC by that certain Amendment, Assignment, Assumption and Consent to Assignment of the Agricultural Packinghouse Lease dated January 14, 2014..

        E.     As used herein, the term "SAI Land Lease" shall mean and refer to the Agricultural Land Lease dated November 27, 2012, between Fellsmere Joint Venture LLC and Florida Organic Aquaculture LLC, which was assigned by Florida Organic Aquaculture LLC to Sustainable Aquaculture Initiative, LLC by that certain Amendment, Assignment, Assumption and Consent to Assignment of the Agricultural Land Lease dated January 14, 2014 which was further amended by a Second Amendment to the Agricultural Land Lease dated October 22, 2014, and a Third Amendment to the Agricultural Land Lease dated March 27, 2015 .

        F.     As used herein, the term "FOA Land Lease" shall mean and refer to the FOA Agricultural Land Lease and Agreement dated March 27, 2015.

        C.     As used herein, the term "person" includes any natural person or any entity including, without limitation, any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity.  Any reference herein to any public or private company, partnership, association, or other entity include such entity's subsidiaries and affiliates, as well as the present and former directors, officers, employees, attorneys, agents and anyone acting on behalf of, at the direction of, or under the control of the entity, its subsidiaries or its affiliates.

        D.     As used herein, the term "document" or "documents" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted, duplicated, carbon or otherwise copied or produced in any other manner whatsoever.  Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes of

notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents, which are not identical duplications of the originals or which contained additions to or deletions from the originals or copies of the originals, if the originals are not available, shall be considered to be separate documents.

"Documents" shall also include all electronic data storage documents including but not limited to e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, back-up and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, inactive or unused computer disc storage areas, USB Drives, thumb drives, and remote server or cloud storage.

E.   "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

F.   "Relate to" or "regarding" shall mean, directly or indirectly, refer to, reflect, mentioned, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

G.   As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any request.

H.   Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted disjunctively so as to exclude any information or document otherwise within the scope of any request.

I.   If you contend that you are entitled to withhold any responsive document(s) on the basis of privilege or other grounds, for each and every such document specify:
      (i)    the type or nature of the document;
      (ii)   the general subject matter of the document;
      (iii)  the date of the document;
      (iv)  the author, addressee, and any other recipient(s) of the document; and
      (v)   the basis on which you contend you are entitled to withhold the document.

F0285630.v1

    J. If you assert that any document called for by this request is protected against disclosure as the attorney's work product doctrine or by the attorney/client privilege, you shall provide the following information with respect to such document:

      (i) the name and capacity of the person or persons who prepared the documents:

      (ii) the name and capacity of all addressees or recipients of the original or copies thereof;

      (iii) the date, if any, borne by the document;

      (iv) a brief description of its subject matter;

      (v) the source of the factual information from which such document was prepared; and

      (vi) the nature of the privilege claimed.

    K. You must produce all documents within your care, custody or control that are responsive to any of these requests. A document is deemed within your care, custody or control if you have the right or legal ability to secure the document or a copy thereof from any other person having physical possession thereof.

    L. If you at any time had possession, custody or control of a document called for by this request, and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control.

    M. All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request herein.

    N. When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

    O. Unless otherwise expressly stated in the request, the time period limiting the requests herein shall be from, January 1, 2017 to the present.

## DOCUMENTS REQUESTED

  1. Any and all documents that refer to, relate to, or concern NSFOA, also known or referred to as "New Start FOA" or "New Start Florida Organic Aquaculture LLC".

F0285630.v1

2. Any and all documents that refer to, relate to, or concern any claim that you have complied with the non-monetary terms and conditions of the Packinghouse Lease, SAI Land Lease and FOA Land Lease.

3. Any and all documents that refer to, relate to, or concern any monetary defaults of the Packinghouse Lease, SAI Land Lease and FOA Land Lease and any payments made under those leases since January 1, 2015.

4. Any and all documents that refer to, relate to, written approvals or consents from FJV as described in the Packinghouse Lease, SAI Land Lease and FOA Land Lease for alterations, improvements and construction on the Leased Land.

5. Any and all documents that refer to, relate to, concern or evidence that the alterations, improvements and construction on the Leased Land were constructed in accord with applicable laws, regulations and codes.

6. Any and all documents that refer to, relate to, or concern the floor elevations of each building constructed by or under the supervision of FOA and SAI on the Leased Land.

7. Any and all documents that refer to, relate to, or concern to the contractors who performed work on the Leased Lands.

8. Any and all documents that refer to, relate to, or concern to all insurance information relating to licensed contractors.

9. Any and all documents that refer to, relate to, or concern to all written approvals from FJV to use the upstairs of the building which is the subject of the Packinghouse Lease as residential apartments or residential living space.

10. Any and all documents that refer to, relate to, or concern all federal, state and local permits for FOA and/or SAI and/or the aquaculture operations on the Leased Land.

F0285630.v1

11. Any and all documents that refer to, relate to, or concern to all professional licenses and/or certifications for FOA and SAI and/or the alterations, improvements or construction on the Leased Land.

12. Any and all documents that refer to, relate to, or concern to all certifications with regard to completion and satisfaction of the permit conditions issued to FOA and/or SAI.

13. Any and all documents that refer to, relate to, or concern all communications with Helen Ming for the last six (6) months.

14. Any and all documents that refer to, relate to, or concern to all records referenced in the Preservation of Evidence Letter attached.

15. Any and all documents that refer to, relate to, or concern the Eb5 investors supporting Helen Ming's bid at the Bankruptcy Auction in this case including, but not limited, to subscription agreements, names, addresses and contact information.

16. Any and all documents that refer to, relate to, or concern all finished floor elevation certifications for the buildings constructed on the Leased Land.

17. Any and all documents that refer to, relate to, or concern to all agreements between the Bidder, Helen Ming, and the other individuals described as "Chinese investors" and/or "South American investors".

18. Any and all documents that refer to, relate to, or concern to all communications between Helen Ming and the "Chinese investors" and/or the "South American investors".

19. Any and all documents that refer to, relate to, or concern to all water reports related to FJV's Consumptive Use Permit.

20. All documents issued to FOA and/or SAI from the Fellsmere Water Control District.

21. All documents by and between the City of Fellsmere and FOA and/or SAI with regard to the alterations, improvements and construction on the Leased Land.

22. The permit issued by the State of Florida Department of Environmental Protection to FOA and/or SAI with all attachments.

23. All documents relating to FOA and SAI handling of the drainage on the Leased Land.

24. All documents that refer to, relate to, or concern the amount of salt water in the lined ponds on the Leased Land.

25. All documents that refer to, relate to, or concern purchase orders, sales, payments or deliveries of shrimp produced on the Leased Land by FOA and/or SAI since January 1, 2016.

26. All documents that refer to, relate to, or concern chemicals used in the FOA and SAI's operations on the Leased Land.

27. All documents that refer to, relate to, or concern FOA and SAI's maintenance of the retention pond to the south of the Packinghouse Leased Land.

28. Any and all documents that refer to, relate to, or concern the best management practices used by FOA and SAI for its operations described in the Packinghouse Lease, SAI Land Lease and the FOA Land Lease.

29. Any and all documents that refer to, relate to or concern communications with employees, agents or representatives of Benchmark Holdings PLC or any of its affiliated entities.

30. Any and all documents received by the Debtor or Equity Partners from Helen Ming, or her representatives and investors, to support the claim of right to bid at the auction sale of the Debtors' assets.

F0285630.v1

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(a).

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Credit, Fellsmere Joint Venture LLC's First Request for Production of Documents to Florida Organic Aquaculture, LLC and Sustainable Aquaculture Initiative, LLC, was served on October 20, 2017, via electronic filing on all parties currently listed to receive e-mail notice/service for this case and by U.S. Mail to all interested parties who are non-CM/ECF participants, as listed below:

**Electronic Mail Notice List**:

Office of U.S. Trustee
Malinda L. Hayes, Esq.
John D. Emmanuel, Esq.
Michael R. Bakst, Esq.
Ronald M. Emmanuel, Esq.
Dana L. Kaplan, Esq.
Eric B. Zwiebel, Esq.

**Non-CM/ECF Parties:**
Florida Organic Aquaculture, LLC
930 W. Indiantown Road, Suite 204
Jupiter, FL 33458

Sustainable Aquaculture Initiative, LLC
c/o Clifford Morris, Member's Manager
930 W. Indiantown Road, Suite 204
Jupiter, FL 33458

Carolyn S. Ansay
701 Northpoint Parkway, Suite 209
West Palm Beach, FL 33407

Henry Waida
16 N. Washington Street, Suite 102
Easton, MD 21601

Helen Ming
46 Kelley Place
Princeton, NY 08540

F0285630.v1

**And Via Email to:**
Aaron Wernick, Esq.
Furr & Cohen
2255 Glades Road, Ste 337W
Boca Raton, FL 33431
Email: awernick@furrcohen.com

/s/ Joel C. Zwemer
Joel C. Zwemer, Esq.
Fla. Bar No. 0897371
jzwemer@deanmead.com
DEAN, MEAD, MINTON & ZWEMER
1903 South 25th Street, Suite 200
Fort Pierce, Florida 34947
Tele:   (772) 464-7700
Fax:    (772) 464-7877

F0285630.v1

# FELLSMERE JOINT VENTURE LLC

1900 Old Dixie Highway, Fort Pierce, Florida 34946-1423
(772) 465-7555    FAX (772) 460-5012

October 12, 2017

<u>via Email</u>
malinda@businessmindedlawfirm.com

Florida Organic Aquaculture, LLC
Sustainable Aquaculture Initiative, LLC
Mirzam Green Card Partners I, L.P.
Mirzam Green Card Partners II, L.P.
Mirzam Investor Green Card, LLC
Mirzam Land Investment, LLC
Mirzam Venture Capital, LLC

c/o Malinda L. Hayes, Esquire
2925 PGA Boulevard, Suite 204
Palm Beach Gardens, Florida 33410

Re:  Florida Organic Aquaculture LLC ("FOA") and Sustainable Aquaculture Initiative LLC ("SAI") Bankruptcy, Jointly Administered
Case #17-15012-EPK
Preservation of Evidence

Dear Malinda:

This letter is being sent to you in your capacity as Debtor's Counsel for FOA and SAI. We have also included the Mirzam entities due to the comments by Mr. Gordon and its/their ownership interest in the Debtor.

As we were all advised by the Honorable Eric P. Kimball yesterday afternoon, an Evidentiary Hearing with be held on November 9, 2017.

Critical evidence relevant and material to the Evidentiary Hearing scheduled for November 9, 2017, related to the Sale Procedures, Bid Proposals, Auction, and Confirmation of the Asset Sale and Approval of the Winning Bidder, including but not limited to, all documents such as memorandums, appointment books, calendar notices, e-mails, notes, papers, text messages, agreements, printed or other digital information related in any way to the Sale Procedures identified in Exhibit "A" referenced in the Court's First Amended Order On Debtor's Emergency Motion, Document #153, filed October 2, 2017 relating to the above, including but not limited to, information supplied by the Qualified Bidders, and purported bidder Helen Ming in support of her Bid Proposal, such as, but not limited to, financial statements, letters of credit, other documents showing the ability to consummate the transaction, disclosure of identity of the Bidder and all participants, ability to close, satisfactory assurance of no regulatory issues, drafts and final Asset Purchase Agreements and resumes of Equity Partners HG, Ken Mann, Hank Waida, and other information detailing Equity Partners knowledge and experience with Bankruptcy Sale Auctions, including any Auctions conducted by Equity Partners that have been set aside or modified by a Court is in your possession. This is a case where certain material evidence may be "lost or destroyed", and therefore it is imperative that we put you on notice that you must preserve any and all documents/information/evidence which may in any way relate to the above matters.

c/o Malinda L. Hayes, Esquire
October 12, 2017

As you are likely aware, the failure to preserve any and all of the above evidence and/or allow me to immediately inspect and take copies of the above evidence may hinder and prevent my client from establishing its claim or defense. Should this evidence be altered or destroyed, or disposed of in any way, this conduct may give rise to a cause of action for spoliation of evidence against the party in possession of the evidence who intentionally or negligently destroys or spoils the evidence, or allows the evidence to be destroyed or spoiled.

It is my hope that we can save the time and expense of a more formal process. Given the relationship between the Debtor and Helen Ming, we will need to agree on the scope of the documents being produced. Give me a call upon your receipt of this letter so that we may agree on how to arrange for copies of the documents to be delivered to me.

Further, I would like to arrange a convenient time for an inspection of the leased property which will include taking a picture of each and every asset on the FOA and SAI Asset List as well as pictures of all construction, alterations, and improvements. Therefore, we will need someone with knowledge of the location of each asset to be with me. You may wish to attend.

I look forward to hearing from you. Thank you.

Sincerely,

Richard M. Carnell, Jr.
Vice President/General Counsel

RMC/tmw
cc: Joel C. Zwemer, Esq. (via email)